# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# NEWARK VICINAGE

| | |
|---|---|
| **BRIAN CHAPMAN**, on behalf of himself and all others similarly situated, | Civil Case No.: 22-5076 |
| *Plaintiff*, | **COMPLAINT - CLASS ACTION** |
| v. | **JURY TRIAL DEMANDED** |
| **THS GROUP LLC d/b/a SERVICEPLUS HOME WARRANTY**, | |
| *Defendant*. | |

## INTRODUCTION

1.  Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id.* § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *id.* § 2(9).

2.  "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone

1

solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. The Plaintiff alleges that THS Group LLC d/b/a ServicePlus Home Warranty f/d/b/a Total Home Protection ("Defendant" or "ServicePlus") made unsolicited telemarketing calls to his residential telephone number that is listed on the National Do Not Call Registry.

4. Defendant has a history of consumer protection related issues.

5. For example, on March 5, 2020, Defendant, while doing business as Total Home Protection, was sued by the Commonwealth of Pennsylvania, Office of Attorney General ("PAOAG"), for violations of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 related to its advertising and sale of home warranties.[1]

6. The PAOAG's Complaint outlines a long history of deceptive practices by the principals/owners' prior warranty companies and related investigations by various governmental entities.[2]

---

[1] *See* https://www.attorneygeneral.gov/wp-content/uploads/2020/03/THP_CIE_WITH_EXHIBITS_FILED.pdf (last accessed August 11, 2022).
[2] *Id.* at 8-14.

7. The PAOAG's Complaint alleged that Defendant advertised and sold home warranty service contracts to many elderly or otherwise vulnerable consumers in Pennsylvania and dozens of other states by: falsely advertising coverage and services, using creative and deceptive means to wrongfully deny covered claims, failing to respond to consumer claims and inquiries, and refusing to reimburse or refund consumers in accordance with the terms of their written guarantees.

8. Defendant entered into a settlement agreement with the PAOAG on December 8, 2021, that required Defendant to make meaningful, substantial and specific changes to its business practices, including but not limited to sales policies, claims evaluation process, the cancellation process, and customer service policies.[3]

9. Prior to entering into its settlement agreement with the PAOAG, in May 2021, Defendant rebranded from Total Home Protection to ServicePlus.[4]

10. ServicePlus continues to receive poor reviews and consumer complaints.

11. For example, ServicePlus has received over 1,450 customer complaints via the Better Business Bureau and has an average 1.34/5 star rating based on 921 customer reviews.

12. In an effort to obtain new customers, ServicePlus has implemented a scheme to call consumers in an attempt to have them purchase a policy under the false pretense that the consumer is already a customer of ServicePlus and is merely renewing an expired or lapsed policy.

13. ServicePlus makes these calls, or has these calls made on its behalf, using an artificial or prerecorded voice.

14. Accordingly, Plaintiff brings this action on behalf of himself and classes of

---

[3] *See* https://www.attorneygeneral.gov/wp-content/uploads/2021/12/2021-12-08-Consent-Petition-with-Defendants-THS-Group-LLC-and-David-Seruya-Filed.pdf (last accessed August 2, 2022).

[4] https://www.pr.com/press-release/835997 (last accessed August 2, 2022).

similarly situated individuals.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

16. This Court has jurisdiction over ServicePlus because ServicePlus (1) made the telemarketing calls at issue from this District, (2) conducts business transactions in this District, and (3) has its principal place of business in this District.

17. Venue is proper in this District because Defendant conducts significant amounts of business transactions within this District, including making the telemarketing calls at issue.

## PARTIES

18. Plaintiff Brian Chapman ("Mr. Chapman") is, and at all times mentioned herein was, a citizen and resident of New York.

19. Mr. Chapman is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

20. ServicePlus is, and at all times mentioned herein was, a Pennsylvania limited liability company headquartered at 518 Old Post Rd Suite 7 #315, Edison, NJ 08837.

21. ServicePlus is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## TCPA BACKGROUND

22. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v.*

*Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

23. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

24. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

25. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

26. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**FACTUAL ALLEGATIONS**

27. Plaintiff's residential telephone number is (585) 414-XXXX.

28. That number has been on the National Do Not Call Registry since May 25, 2021 and it has not been removed from the Registry since that time.

29. Mr. Chapman uses the number for personal, residential, and household reasons.

30. The number is not associated with any business.

31. The Plaintiff never consented to receive telemarketing calls from the Defendant.

32. The Plaintiff never did any business with the Defendant.

33. Despite that, the Defendant made telemarketing calls to the Plaintiff on April 23, 25, 26 and 27, 2022.

34. All of the calls followed the same telemarketing script.

35. They started with a pre-recorded message identifying Total Home Protection.

36. The pre-recorded message continued to advertise the Defendant's home warranty services.

37. On the calls on April 23, 25, 26 and 27, 2022, the Plaintiff informed Total Home Protection that he was not interested in their services.

38. Despite that, they continued to call him.

39. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, and they were annoyed and harassed.

40. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication.

## Class Action Allegations

41. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

42. The class of persons Plaintiff proposes to represent is tentatively defined as:

**National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

This is referred to as the "Class".

43. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

44. The Class as defined above are identifiable through phone records and phone number databases.

45. The potential members of the Class number at least in the thousands.

46. Individual joinder of these persons is impracticable.

47. The Plaintiff is a member of the Class.

48. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

    (b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

    (c) whether Defendant's conduct constitutes a violation of the TCPA;

    (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

49. Plaintiff's claims are typical of the claims of members of the Class.

50. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

51. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

52. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

53. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

54. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

55. The Defendant's violations were negligent, willful, or knowing.

56. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

57. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on

Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

    A.    Certification of the proposed Class;

    B.    Appointment of Plaintiff as a representative of the Class;

    C.    Appointment of the undersigned counsel as counsel for the Class;

    D.    A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

    E.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future.

    F.    An award to Plaintiff and the Class of damages, as allowed by law; and

    G.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** August 17, 2022

                                       s/ *Max S. Morgan*
                                       Max S. Morgan, Esquire
                                       Eric H. Weitz, Esquire
                                       **THE WEITZ FIRM, LLC**
                                       1528 Walnut Street, 4th Floor
                                       Philadelphia, PA 19102
                                       Tel: (267) 587-6240
                                       Fax: (215) 689-0875
                                       max.morgan@theweitzfirm.com
                                       eric.weitz@theweitzfirm.com

                                       Anthony I. Paronich
                                       Paronich Law, P.C.
                                       350 Lincoln Street, Suite 2400
                                       Hingham, MA 02043
                                       [o] (617) 485-0018
                                       [f] (508) 318-8100
                                       anthony@paronichlaw.com

                                       *(Motion for Admission Pro Hac Vice forthcoming)*

                                       ***Counsel for Plaintiff and the Putative Class***